UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY DONALD,

    Petitioner,

v.                                                                                            Case No. 09-cv-11751
                                                                                      HON. AVERN COHN

JEFFREY WOODS,[1]

    Respondent.
_____/

**ORDER STAYING PROCEEDINGS ON PETITIONER'S MOTION TO AMEND PETITION (Doc. 31)**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Cory Donald is serving a mandatory and non-parolable life sentence following his conviction for first-degree murder and a concurrent sentence of ten-and-one-half to twenty years for armed robbery. His convictions occurred following a jury trial in Wayne County Circuit Court. Petitioner, who was sixteen-years old at the time of the crime, was tried with co-defendants, Rashad Moore and Dewayne Saine under an aiding and abetting theory.

On December 5, 2012, the Court granted Petitioner a conditional writ of habeas corpus on the ground that his convictions are unconstitutional because his attorney's absence during a critical stage in his trial was per se ineffective under United States v. Cronic, 466 U. S. 648 (1984) and on the ground that counsel's actions constituted were ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Donald v. Rapelje,

---

[1]When Petitioner filed his original petition, he named as Respondent warden Lloyd Rapelje. Petitioner is now housed at the Chippewa Correctional Facility, where his warden is Jeffrey Woods. The caption is AMENDED to reflect the change.

No. 09-cv-11751, 2012 WL 6047130 (E.D. Mich. Dec. 5, 2012). The state appealed. The Court of Appeals for the Sixth Circuit, 2-1, affirmed based on Cronic. Donald v. Rapelje, 580 F. App'x 277 (2014). The Supreme Court granted certiorari and reversed the Sixth Circuit's Cronic decision. Woods v. Donald, 575 U.S. ___, 135 S. Ct. 1372 (2015). On remand, the court of appeals vacated the Court's grant of the writ and remanded for further proceedings. Donald v. Woods, 12-2624 (June 17, 2015). The mandate issued on July 9, 2015.

II.

Now before the Court is Petitioner's motion to amend the petition. Petitioner seeks to assert a claim based on the Supreme Court's June 25, 2012 decision in Miller v. Alabama, 567 U.S. ___. 132 S. Ct. 2455 (2012). In Miller, the Supreme Court held that for a juvenile, a mandatory life without parole sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment.

On March 13, 2015, the Supreme Court granted certiorari on the question of whether Miller is retroactive. Montgomery v. Louisiana, No. 14-280, 135 S. Ct. 1546 (2015).[2] The case will be argued in the upcoming 2015-2016 term. In addition to the issue of whether Miller is retroactive, the Supreme Court will also consider whether it has jurisdiction to decide whether a state court correctly refused to give retroactive effect to Miller. Petitioner and Respondent agree that a ruling favorable to Petitioner will

---

[2]During the pendency of Petitioner's habeas appeals, in 2014, the Michigan Supreme Court ruled that Miller is not retroactive. People v. Carp, 496 Mich. 440 (2014). Other states, such as Illinois, New Hampshire, South Carolina, Texas, and Iowa have issued contrary rulings. Colorado, Louisiana, Minnesota, and Pennsylvania have agreed with Michigan that Miller is not retroactive.

impact Petitioner's Miller claim.

III.

Accordingly, proceedings on Petitioner's motion to amend are STAYED pending the Supreme Court's decision in Montgomery.

SO ORDERED.


s/Avern Cohn
Avern Cohn
United States District Judge

Dated: August 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 5, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager