UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CORY DONALD,

      Petitioner,

v.                                                          Case No. 09-cv-11751
                                                            HON. AVERN COHN
JEFFREY WOODS,

      Respondent.

_____/

### <u>ORDER GRANTING PETITIONER'S MOTION TO AMEND (Doc. 31)</u>

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Cory Donald is serving a mandatory and non-parolable life sentence following his conviction for first-degree murder and a concurrent sentence of ten-and-one-half to twenty years for armed robbery.  His convictions occurred following a jury trial in Wayne County Circuit Court. Petitioner, who was sixteen-years old at the time of the crime, was tried with co-defendants, Rashad Moore and Dewayne Saine under an aiding and abetting theory. At trial, Petitioner's counsel was absent during a portion of the prosecution's case-in-chief, in which a detective was testifying about phone calls made around the time of the crime from three of the co-defendants' cell phones.

On December 5, 2012, the Court granted Petitioner a conditional writ of habeas corpus on the ground that his convictions are unconstitutional because counsel's absence during a critical stage in his trial was per se ineffective under <u>United States v. Cronic</u>, 466 U. S. 648 (1984) and on the ground that counsel's actions constituted ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Donald v. Rapelje, No. 09-cv-11751, 2012 WL 6047130 (E.D. Mich. Dec. 5, 2012).  The

state appealed.  The Court of Appeals for the Sixth Circuit, 2-1, affirmed based on

Cronic.  Donald v. Rapelje, 580 F. App'x 277 (2014).  The Supreme Court granted

certiorari and reversed the Sixth Circuit's Cronic decision.  Woods v. Donald, 575 U.S.

___, 135 S. Ct. 1372 (2015).  On remand, the court of appeals vacated the Court's grant

of the writ and remanded for further proceedings.  Donald v. Woods, 12-2624 (June 17,

2015).  Neither the Supreme Court nor the Sixth Circuit addressed Petitioner's

Strickland claim.  Presumably, as a result, this left the claim open for the Court to again

consider it on remand.[1]

    Following the Sixth Circuit's remand, Petitioner filed a motion to amend the

petition. (Doc. 31).  Petitioner sought to assert a claim based on the Supreme Court's

June 25, 2012 decision in Miller v. Alabama, 567 U.S. ___. 132 S. Ct. 2455 (2012).  In

Miller, the Supreme Court held that for a juvenile, a mandatory life without parole

sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment.

The Supreme Court granted certiorari on the question of whether Miller is retroactive.

Montgomery v. Louisiana, No. 14-280, 135 S. Ct. 1546 (2015).  The Court stayed

proceedings on the motion to amend pending the outcome of Montgomery.  (Doc. 38).

    In 2016, the Supreme Court issued its decision in Montgomery, holding, inter

---

[1]To this end, also before the Court is Petitioner's motion styled "Motion for
Consideration and Grant of Petition for Writ of Habeas Corpus under Strickland v.
Washington." (Doc. 39).  Petitioner urges the Court to again grant the writ based on a
finding that Petitioner's counsel's absence during the trial constitutes ineffective
assistance of counsel.  Respondent filed a response, contending that counsel's brief
absence did not violate Strickland.  (Doc. 40).  This motion will be addressed once all
papers have been filed on the forthcoming amended petition.

<u>alia</u>, that (1) the Supreme Court has jurisdiction to review a state collateral review court's failure to give retroactive effect to a new rule and (2) <u>Miller</u> is a new rule that is retroactive on state collateral review.  <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718 (2016).

In light of the above, good cause exists for amendment.  <u>See</u> Fed. R. Civ. P. 15. Accordingly, Petitioner's motion to amend is GRANTED.  Petitioner shall have thirty days (30) from the date of this order to file an amended petition asserting a claim based on the Supreme Court decisions in <u>Miller</u> and <u>Montgomery</u>.  Respondent shall file a response within forty five (45) days thereafter.

SO ORDERED.


<u>S/Avern Cohn                              </u>
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: March 29, 2016
        Detroit, Michigan